UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DARRYL KELLEY, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CIVIL NO. 3:13cv298 |
| CRITERION CATALYSTS & TECHNOLOGIES L.P., | ) ) ) ) |
|     Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a motion for judgment on the pleadings, filed by the defendant Criterion Catalysts & Technologies L.P. ("Criterion"), on August 26, 2013. The plaintiff, Darryl Kelley ("Kelley"), *pro se*, has failed to file a response. For the following reasons, the motion will be granted.

Standard

A Rule 12(c) motion is analyzed under the same standard as a Rule 12(b)(6) motion. *Pisciotta v. Old National Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Judgment on the pleadings is proper "where it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no genuine issues of material fact to be resolved … ." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). A complaint "must set forth more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2008). It must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964 (2007).

When the court considers the motion for judgment on the pleadings, the exhibits attached

to the Answer should be considered. A document "which is an exhibit to a pleading is part thereof for all purposes." *Venture Associates Corp. v. Zenith Data Systems Corp.* 987 F.2d 429, 431 (7th Cir. 1993) (citing Fed. R. Civ. P. 10(c)). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Id.* In the present case, Kelley complains about the Disability Pension benefit. Therefore, the documents attached to Criterion's Answer, which relate to the Disability Pension benefit, will be considered.

Discussion

Kelley was employed by Criterion since 1984. His most recent position was Deepwell Operator. Complaint ¶ 9. In May 2011, Kelley was diagnosed with a deformity of the hip and other conditions and symptoms of bursitis. Complaint ¶ 11. Kelley notified Criterion of his diagnosis. Complaint ¶ 12. According to Kelley, he requested a light duty position and that request was denied. Complaint ¶¶ 12, 13. Kelley thereafter took a medical leave of absence from work. Complaint ¶ 14.

In the Summer of 2011 through the Spring of 2012, Kelley had several meetings and communications with Criterion regarding his pension and retirement benefits should he opt to retire. Complaint ¶ 18. In a letter dated March 29, 2012, Kelley informed Criterion that "it is my intention to retire from my employment at the Criterion Michigan City Plant effective May 1, 2012". Answer ¶ 12, Exhibit A. Kelley requested approval to retire under the Disability Pension. *Id.* The Disability Pension required the applicant to submit a certification from his physician that he was totally and permanently disabled. Answer ¶ 25, Exhibit B. Kelley's physician submitted the required certification. Answer ¶ 25, Exhibit C. In addition, Kelley

requested and received disability benefits from the Social Security Administration. He was deemed to be disabled by the Social Security Administration effective May 18, 2011. Answer ¶ 25, Exhibit D.

Kelley claims that there was a voluntary severance offer of which he was not advised when he was on medical leave and that "on information and belief" he would have qualified. Complaint ¶¶ 15-17. He also claims that he was given false and misleading estimates of his projected pension benefit because of his disability, and that he was unaware that the actual pension benefit would be materially less and therefore decided to take disability retirement and end his employment with Criterion. Complaint ¶¶ 19, 22, 26. His March 12, 2012, letter to Criterion stated that "in the event that approval is not granted for the Disability Pension options, it is still my intention to retire" under the other pension options. Answer, Exhibit A.

Criterion argues that Kelley has not alleged a viable ADA claim. Kelley's one-count Complaint alleges that Criterion violated the ADA in connection with its benefit determinations – both as to the pension and severance. To state a *prima facie* claim under the ADA, Kelley must establish that (1) he is disabled under the ADA, (2) he was meeting his employer's legitimate employment expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees were treated more favorably. *Lloyd v. Swifty Transportation*, 552 F.3d 594, 601 (7th Cir. 2009). However, "the ADA protects only a 'qualified individual', someone who can perform the essential functions of the job with or without reasonable accommodation." *Id*. The pleadings demonstrate that Kelley cannot make this critical showing.

*Erwin v. Northwestern Mutual Life Ins. Co.*, 999 F. Supp. 1227 (S.D. Ind. 1998), illustrates the futility of Kelley's claim. There, the plaintiff, a lawyer, was disabled due to severe chronic depression. When he became disabled, he received long term disability benefits. Unlike

benefits for disabilities for physical conditions, long term disability benefits for mental conditions were limited to twenty-four months. After plaintiff stopped receiving long term disability benefits, he sued his former employer and the long term disability provider, claiming that they discriminated against him on the basis of his mental disability.  Northwestern Mutual filed a motion to dismiss and argued that the Seventh Circuit's prior determination in *EEOC v. CNA*, 96 F.3d 1039, 1041 (7th Cir. 1996), that "a long term disability recipient is not a 'qualified individual with a disability' for ADA purposes", was controlling. *Erwin*, 999 F. Supp. at 1229. The district court agreed. The court also rejected plaintiff's argument that he could recover as a "benefit recipient", noting that this argument was also foreclosed by *EEOC v. CNA*, 999 F.Supp. at 1230. In other words, an individual who is totally disabled cannot recover under the ADA because, by definition, he is unable to perform the essential functions of his job. *Id*.

In the present case, Kelley admits that he was unable to work because of "a deformity of the hip and other conditions and symptoms of bursitis" and took a medical leave. Complaint ¶¶ 11, 14. He admits he is disabled. Complaint ¶ 25. On March 29, 2012, he submitted a letter to "Disability Pension Processing" in which he was "requesting approval to Retire under the Disability Pension option… effective May 1, 2012." Answer, Ex. A. Kelley noted that "I have already been approved to receive Social Security Disability". *Id*.  The Social Security Administration deemed Kelley to be disabled as of May 12, 2011. Answer, Exhibit D. In addition, to qualify for the Disability Pension, Kelley was required to provide a medical certification from his physician that Kelley was totally and permanently disabled, and he did so. Answer, Exhibits B, C. Therefore, Kelley is not and cannot be a qualified individual as required by the ADA, because he cannot perform the essential job functions of Deepwell Operator. For

this reason, judgment on the pleadings will be granted.

Moreover, the pleadings make it clear that Kelley cannot show an adverse employment action. He had decided to retire regardless of whether he qualified for the disability pension. He informed Criterion that "in the event approval is not granted for the Disability Pension options, it is still my intention to Retire under the normal provisions of both the CRI Group Pension and Shell 80 Point plans effective May 1, 2012." Answer, Exhibit A. For this additional reason, judgment on the pleadings is appropriate.

## Conclusion

On the basis of the foregoing, Criterion's motion for judgment on the pleadings [DE 15] is hereby GRANTED.

Entered: October 23, 2013.

                                                s/ William C. Lee  
                                                William C. Lee, Judge  
                                                United States District Court